UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-130-TBR

MONTE WATKINS, Plaintiff

v.

MATRIX ABSENCE MANAGEMENT GROUP, *et al.* Defendant

**MEMORANDUM OPINION**

This matter comes before the Court on two motions to dismiss. Defendant Matrix Absence Management Group filed a motion to dismiss. (DN 5). Plaintiff has responded. (DN 8). Defendant has replied. (DN 9). Defendant International Electrical Services, Inc. has filed a motion to dismiss. (DN 10). Plaintiff has not responded and the time for doing so has elapsed. For the following reasons, Defendants' motions to dismiss will be GRANTED.

BACKGROUND

This action arises out of Plaintiff Monte Watkins' employment with Defendant International Electrical Service, Inc.[1] ("IES") and is brought pursuant to an insurance plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.* The Plan is administered by Defendant Matrix Absence Management, Inc. ("Matrix").

Watkins claims he is eligible for short-term disability and long-term disability benefits offered by IES under the Plan. Watkins applied for and was approved for short-term disability benefits. Watkins' application for long-term disability benefits was denied by Matrix on the grounds that Watkins did not work the 30 hours per week required to be eligible. Watkins

---
[1] IES Residential, Inc. claims Watkins attempted to serve an entity named International Electrical Service, Inc. (DN 10).

admits he worked "just 'under' 30 hours due to his assignments as given by IES." (DN 1-1). Watkins alleges that IES and Matrix were "acting in concert" to keep Watkins hours below 30-per-week and thereby make Watkins ineligible for long-term disability benefits. (DN 1-1).

This is the second suit filed by Watkins on this issue. The previous suit was dismissed without prejudice by Judge McKinley because Watkins failed to exhaust his administrative remedies before filing suit. *Watkins v. Matrix Absence Management, Inc.*, No. 3:15-cv-00716-JHM-CHL (W.D. Ky. Oct. 28, 2015). Watkins has now exhausted his administrative remedies. Watkins filed this action in state court. Matrix removed the case to federal court. (DN 1).

Defendants now move to dismiss Watkins' claim against Matrix on the grounds that Watkins' claim is preempted. IES also moves to dismiss Watkins' claims against it on the grounds that Watkins improperly served IES.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material

elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

DISCUSSION

The Plan in dispute in this case provides coverage to full-time employees. The Plan defines a "[f]ull-time" employee as one who works "a minimum of 30 hours during a person's regular work week." (DN 5-1). Watkins admits that he does not work 30 hours per week. (DN 1-1). Accordingly, Watkins is not eligible for benefits under the Plan. Watkins argues he should be eligible because Matrix and IES conspired to depress Watkins' hours below the 30-per-week requirement to keep Watkins ineligible, thereby defrauding him out of benefits. Defendants argue this claim is preempted under ERISA.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. § 1144(a). "State law" is defined to include "all laws, decisions, rules, regulations or other state action having the effect of law." 29 U.S.C. § 1144(c)(1).

Preemption under ERISA is "deliberately expansive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46 (1987). "Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (quoting *Pilot Life*, 481 U.S. at 41). "This circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Id*. ("only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted'); *see also Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005). "It is not the label placed on the state law claim that

determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell*, 922 F.2d at 1276.

In this case, Watkins' claim against Matrix is a claim for recovery of ERISA plan benefits. In his complaint, Watkins' only claim is entitled "DENIAL IS IN VIOLATION OF ERISA STATUTE." (DN 1-1). Watkins claims that he "is entitled to long-term disability benefits under the Plan" and that Matrix "wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute." (DN 1-1). Watkins requests the "payment of disability benefits due to him" as a remedy. (DN 1-1). *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 453 (6th Cir. 2003) ("In deciding whether state-law claims are preempted by ERISA, we have focused on the remedy sought by plaintiffs"). In all respects, Watkins' claim is for ERISA plan benefits. Accordingly, this claim is preempted.

Watkins argues this case in "essence is a case of fraud" because Matrix and IES "illegally conspired to deliberately set his hours at a low figure so that the wage replacement insurance plan benefits could never be available to Plaintiff." (DN 8). Watkins has not identified any law which Defendants have violated or explained how their actions are illegal.[2] Furthermore, despite Watkins efforts to characterize this case as a fraud case, the Court cannot ignore the fact that Watkins' complaint alleges a violation of the ERISA statute, a claim that benefits owed under ERISA were not paid, and a request that those benefits be paid. Although "[n]ot all misrepresentation claims are pre-empted by ERISA," those misrepresentation claims "which are in essence a claim for recovery of an ERISA plan benefit" are preempted. *Little v. UNUMProvident Corp.*, 196 F. Supp. 2d 659, 671 (S.D. Ohio 2002). Courts have regularly

---

[2] An analogous developing issue is the deliberate manipulation of workers' hours to avoid the requirements of the Affordable Care Act. *See Marin v. Dave & Buster's, Inc*, 2016 U.S. Dist. LEXIS 18086 (S.D.N.Y. Feb. 9, 2016).

4

found fraud claims which are "intertwined with the defendants' denial of plan benefits" to be preempted. *Id.* (dismissing plaintiff's claim that "defendants made misrepresentations to her treating physician, thereby inducing him to make erroneous statements based on these alleged misrepresentations, and that the defendants then used these statements in support of the decision terminating her benefits."); *Lion's Volunteer Blind Ind., Inc. v. Automated Grp. Admin., Inc.*, 195 F.3d 803, 809 (6th Cir. 1999) (holding fraud claim was preempted because "the state law misrepresentation claim at issue here was brought to obtain the benefits—Barnett's medical expenses—that were denied by AGA's plan"); *see also Kentucky Laborers Dist. Council Health & Welfare Fund v. Hope*, 861 F.2d 1003, 1005 (6th Cir. 1988). This Court will do the same.

In addition, IES claims that Watkins improperly named IES in the summons and complaint as International Electrical Service, Inc., whereas IES's proper legal name is IES Residential, Inc.[3] IES argues this constitutes insufficient service of process and independently justifies dismissal. The Court finds that, in general, the proper remedy would be to permit Watkins to amend his complaint. *United Co. v. Am. Int'l Southern Co.*, 2008 U.S. Dist. LEXIS 82173 *3-4 (E.D. Ky. 2008); *Hawkins v. Department of Mental Health*, 89 F.R.D. 127, 128 (W.D. Mich. 1981) ("A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of the process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position

---

[3] Serving the correct party but under the wrong legal name is distinguishable from serving the wrong party with summons and a complaint which contain the correct legal name. *Grandey v. Pac. Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954) ("The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person."). (*quoting* 2 Moore's Federal Practice, 2nd ed., Sec. 4.44, p. 1042).

of failing to recognize what is apparent to everyone else.") (*quoting U.S. v. A.H. Fischer*, 162 F.2d 872, 873 (4th Cir. 1947)). However, amendment would be futile in this case because Watkins' claim is preempted.

For the foregoing reasons, Defendants' motion to dismiss (DN 5, 10) will be GRANTED.

A separate judgment and order will issue.

cc: counsel